UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE REFUGIO SILVA,

                Petitioner,

vs.                          Case No. 2:11-cv-280-FtM-29DNF
                               Case No. 2:05-cr-40-FtM-29DNF

UNITED STATES OF AMERICA,

                Respondent.

_____

## OPINION AND ORDER

This matter comes before the Court on review of petitioner's Motion Under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. #1) filed on May 13, 2011. The Motion will be dismissed with prejudice as time-barred.

On March 30, 2010, the Court issued an Opinion and Order (Doc. #95) dismissing petitioner's March 24, 2010 Motion for Relief From the Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) (Doc. #94) and noted the following underlying facts:

> On April 27, 2005, the grand jury returned an Indictment against defendant Jose Refugio Silva, and a co-defendant, charging that defendants with conspiracy to possess with intent to distribute and possession with intent to distribute 500 grams or more of cocaine. On August 31, 2005, defendant entered a plea of guilty to Count One of the Indictment pursuant to a Plea Agreement (Docs. #69, 70). The plea was accepted and defendant was adjudicated guilty the same day. (Doc. #74.) On December 5, 2005, defendant was sentenced to a 188 term of imprisonment, 5 years of supervised release, and permanent ineligibility for federal benefits. Count Two was dismissed upon motion by the United States. (Doc. #81.) Judgment (Doc. #82) was entered on December 6, 2005. Defendant did not

file a direct appeal or any other post-conviction relief.
. . .

(Doc. #95, pp. 1-2.)  The Court noted that the motion could not be treated as a motion under Section 2255 because it was filed long after the expiration of the one-year statute of limitations[1] and that the date his conviction became final on December 6, 2005.  The instant Motion, deemed filed on May 9, 2011[2], is therefore also untimely as the deadline to file was December 6, 2006.

Equitable tolling applies to the statute of limitations set forth in 28 U.S.C. § 2255(f).  Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).  See also Holland v. Florida, 130 S. Ct. 2549 (2010)(holding similar statute of limitations in 28 U.S.C. § 2244(d) is subject to equitable tolling).  A petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some

---

[1]Federal prisoners whose convictions become final after April 24, 1996, the effective date of The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), have one year from the latest of any of four events to file a § 2255 Motion: (1) the date on which the conviction became final; (2) the date on which any government-imposed impediment to making the motion is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or, (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255(f); see also Pruitt v. United States, 274 F.3d 1315, 1317 (11th Cir. 2001).

[2]The Court provides petitioner the benefit of the "mailbox rule."  Houston v. Lack, 487 U.S. 266 (1988); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

-2-

extraordinary circumstance stood in his way and prevented timely filing." Holland, 130 S. Ct. at 2562 (internal quotations omitted). See also Sandvik, 177 F.3d at 1271; San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011). The diligence required is reasonable diligence, and the extraordinary circumstance prong requires a causal connection between the circumstance and the late filing. San Martin, 633 F.3d at 1267. Serious attorney misconduct, including acts of gross negligence and acts of outright willful deceit, can constitute "extraordinary circumstances" which would justify equitable tolling of a movant's § 2255 motion. Downs v. McNeil, 520 F.3d 1311, 1323 (11th Cir. 2008); see also Holland, 130 S. Ct. at 2564 (holding that equitable tolling may be available in an "extraordinary" instance in which the conduct of a petitioner's attorney constitutes more than "garden variety" or "excusable neglect").

Petitioner states in Ground One that he did not contact counsel for approximately two years after his sentencing to check on the status of the appeal, and that counsel informed him at that time that no notice of appeal had been filed because there were no debatable issues. (Doc. #1, p. 4.) Petitioner waited another three years before filing a Motion for Relief From the Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6). In the Opinion and Order (Doc. #95), the Court also considered and rejected the merits of petitioner's arguments. Petitioner waited

another year thereafter before filing the instant habeas petition. The Court further notes that petitioner pled guilty pursuant to a Plea Agreement with a valid plea wavier, Doc. #70, p. 12, and at sentencing, petitioner was advised as to his right to appeal "to the extent permitted by [the] plea agreement", Doc. #96, p. 38. Here, the record establishes a lack of due diligence by petitioner and the lack of extraordinary circumstances.

Accordingly, it is now

**ORDERED:**

1.   Petitioner's Motion Under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. #1) is **DISMISSED with prejudice** as time-barred.

2.   The Clerk shall enter judgment accordingly and close the civil case.  The Clerk is further directed to file a copy of the civil judgment in the criminal case file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.**  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2).  To make such a showing, petitioner "must demonstrate

-4-

that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004)(quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003)(quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).  The requisite grounds do not exist in this case.

**DONE AND ORDERED** at Fort Myers, Florida, this <u>  9th  </u> day of June, 2011.

JOHN E. STEELE
United States District Judge

Copies:
Petitioner
AUSA